IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID LEIGH COOK, SR.,

        Plaintiff,

    v.

DEWAYNE HENDRIX,

        Defendant.

Case No. 3:20-cv-02246-SU

ORDER

IMMERGUT, District Judge.

    Plaintiff, a prisoner at FCI-Sheridan, initiated the current action with a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. On January 6, 2021, he filed an Amended Petition in which he: (1) seeks compassionate release due to the ongoing COVID-19 pandemic and his preexisting medical conditions; and (2) raises conditions of confinement claims principally predicated upon what he believes to be unconstitutional medical care. He asks the Court to award him declaratory, monetary, and injunctive relief.

///

1 - ORDER

## I. IFP Application

As an initial matter, Plaintiff moves to proceed *in forma pauperis*, but his Application is incomplete insofar as it does not include the required certificate from an authorized officer of the institution certifying the current balance and six month average balance in Plaintiff's prison trust account, as well as a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2). The Application is therefore denied on the basis that it is incomplete.

## II. Amended Petition

In his Amended Petition, Plaintiff moves for compassionate release. However, only a criminal defendant's sentencing court has jurisdiction to rule on a compassionate release motion. *See, e.g., United States v. Rala,* 954 F.3d 594, 595 (3d Cir. 2020) (motions for compassionate release must be filed with the court that imposed sentence). Because Plaintiff was convicted and sentenced in the Northern District of California, the District of Oregon lacks jurisdiction to entertain his request for compassionate release.

Plaintiff's remaining claims pertain to the conditions of his confinement, not the execution of his sentence. For this

reason, 28 U.S.C. § 2241 is not an appropriate remedy, and this case is more accurately characterized as an action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) ("habeas jurisdiction is absent and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999) (28 U.S.C. § 2241 petition is the proper method for a federal prisoner to challenge the manner, location, or conditions of a sentence's execution).[1]

Finally, Plaintiff brings this suit against a single individual, his Warden at FCI-Sheridan. While Warden Hendrix would be the correct respondent if Plaintiff had properly filed this action as a habeas corpus case, *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004), Plaintiff's attempt to utilize a respondeat superior theory of liability in order to prevail on his conditions of confinement claims is not permissible in a

---

[1] Because the Court construes this case as a *Bivens* action, the applicable filing fee is $350.00, not including a $52.00 administrative fee. 28 U.S.C. § 1914(a). Plaintiff is advised that if he files a completed *in forma pauperis* application, he will be obligated to pay the $350.00 civil filing fee over time as funds become available in his prison trust account. As an *in forma pauperis* litigant, however, he would not be responsible for the $52.00 administrative fee.

*Bivens* case. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Instead, Plaintiff must bring suit against a governmental actor who, acting under color of federal law, personally deprived him of a right secured by the Constitution or laws of the United States. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003); *see also Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

With specific regard to Plaintiff's medical claims, he must allege and ultimately establish that individual governmental actors were personally and deliberately indifferent to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Where Plaintiff has not brought suit against a proper party and made allegations sufficient to state a claim, the Amended Complaint is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1) is denied, and his Amended Complaint (#5) is dismissed for failure to state a claim. Should Plaintiff wish to

4 - ORDER

continue with this *Bivens* case, he must file: (1) a completed *in forma pauperis* application; and (2) a Second Amended Complaint using the Court's form that identifies how each Defendant personally participated in the Constitutional deprivations he raises. Plaintiff is advised that he must name all parties in the caption of his pleading, may not incorporate any part of any prior pleading by reference, and that his failure to comply with this Order will result in the dismissal of this case with prejudice as his conditions of confinement claims.

    The Clerk is directed to send Plaintiff *in forma pauperis* and civil rights complaint forms for his use.

    IT IS SO ORDERED.

    DATED this <u>19th</u> day of January, 2021.

                                                    /s/ Karin J. Immergut
                                                  Karin J. Immergut
                                          United States District Judge